## Cooper *et al. versus* Bickford.

Where a special contract is executed a recovery may be had in a general indebitatus assumpsit, on the common money counts.

ERROR to the Court of Common Pleas of *Cambria County*.

Two actions of assumpsit were brought by Eri Bickford, against Wm. M. Cooper & Co., in which the plaintiff claimed to recover the fruits of a *special agreement* in writing, upon the common counts, in *indebitatus assumpsit*. The first was for staves delivered up to Feb. 11, 1857—the other for staves delivered from that period till 16th June following. They were tried together by consent. In the first case the verdict was for $528 25; in the second for $1,252 26.

[Cooper et al. *v.* Bickford.]

By agreement in writing, dated May 8th, 1856, plaintiff assigned to defendant: 1st, a contract with G. L. Lloyd for stave timber, and a contract with John G. Pringle for the making of staves on Lloyd's land; 2d, all contracts then made with other parties for staves; and 3d, the shops at Nineveh, Wilmore, and Summerhill. Defendants were to pay for this $2,000, as the staves would be made into shooks and sent to market—and for a quantity of staves plaintiff then had on hand, and for others made and about being delivered to him by contract—they were to pay him $20 per thousand.

The admission by the court of this agreement as evidence at the outset of the trial is assigned for error.

The other assignments of error and facts are sufficiently stated in the opinion of the court.

*Kittell & Murray,* with whom was *A. Kopelin,* for plaintiff in error.

*R. L. Johnston,* for defendant in error.

The opinion of the court was delivered by

THOMPSON, J.—"It is certainly established," said C. J. Gibson in *Harris* vs. *Ligget,* 1 W. & S. 361, "by the force of precedent, that where the plaintiff has performed a special agreement to do a particular thing, he may recover the stipulated price of it by an action of *indebitatus assumpsit* and use the agreement as evidence of the amount of compensation due." And he might have added of the thing to be done. He cites many English and American authorities in support of the rule not necessary at this time to be referred to. There is no room for doubt on this point. The admission of the agreement in evidence follows the rule as of necessity. The proper time for its introduction is with the party and the court. Being evidence, this court will not reverse on a question of order in which the evidence may have been introduced.

These remarks dispose of the 1st and 3d assignments of error and sustain the court below in their ruling on the law as well as in admitting the evidence.

2. The second assignment is to the admission in evidence of the sealed agreements between Bickford and Pringle. These agreements were by the special contract to be delivered by the plaintiff below to the defendant. This was part of his undertaking, and he gave them in evidence as part performance of his contract. He had in fact assigned them by the terms of the contract, and it was perhaps material for him to show their existence. He was not seeking to recover on them. If so, then

[Del. Ins. Co. *v.* Quaker City Ins. Co. and Commonwealth Ins. Co.]

would the objection have had force in it, as the action was in assumpsit. We see no error in this ruling.

3. We cannot discover any error in the answer of the court to the second point of the defendants. The plaintiff was to be paid his purchase money, as appears by the contract, as staves should be manufactured at the shop into shooks, not as purchase money of the staves, but for the business and contracts assigned. And it would seem a matter of no consequence where the staves were got. When they were manufactured into shooks the plaintiff was entitled to payment on his sale to the defendants to the extent of $20 per M., and to show the amount he was entitled to recover, he was bound to prove the amount of staves received at the shops. Thus it was immaterial from whence they came. The defendants had the benefit of the contract of Bickford with Pringle for their manufacture, and were bound to pay as fast as the staves were manufactured.

We might with great propriety have dismissed the exceptions to the answer of the court to the points, as the points themselves were not given in the paper book, other than as quoted in the charge of the court or in the assignments of error—but concluded to investigate the cause of complaint as far as we could without putting the party to the expense of another writ of error.

We see no error in the record, and the judgments are affirmed.

Judgment affirmed in both cases.

See *Bickford* v. *Cooper & Co.*, 5 Wright, 142.